## 51555. ELLIS v. THE STATE.

PANNELL, Presiding Judge.

Appellant was indicted for two counts of child abuse and one count of aggravated assault. He was convicted on all three counts and sentenced to twenty years. He appeals the judgment of conviction and denial of his motion for new trial.

The evidence shows that appellant was living with Mickie Booth and her 22-month-old son, Robbie. Mickie Booth testified to the following events. In the evening of September 8, 1974, at approximately 10:00 p.m.,

appellant awakened Robbie and began to beat him with his hand and belt. He continued to beat Robbie off and on throughout the entire night. Appellant finally stopped "spanking" Robbie around 5:00 a.m. when the child began shaking and was about to break.

On September 15, 1974, Mickie Booth went to the grocery store and left Robbie with appellant. When she returned home, she saw that one of Robbie's teeth was missing and his mouth was bloody. Appellant told Mickie that he had accidentally knocked the tooth out when he spanked Robbie.

In the evening of September 16, 1974, appellant felt of Robbie's wet diaper. He jerked Robbie from his crib, lifted him into the air, and slammed the child face down upon the floor. Robbie's head bounced up off the floor upon impact. Appellant held Robbie on the floor and began beating him. He then jerked Robbie off the floor and "sat him down on the pottie seat. And it shook the seat apart. Robbie went into a coma; he went limp; he didn't have any control of himself."

The child was rushed to a hospital, where he was first examined by a paramedic. The paramedic found that the child had bruises over 95% of his body. A neurological surgeon determined that Robbie would have to undergo brain surgery. Robbie survived the operation but is in a retarded condition with impaired use of both arms and legs. He is no longer able to communicate significantly with other people.

Mickie Booth originally told the hospital personnel and police officials that Robbie had fallen on some automobile parts in an automobile floorboard several days earlier and that on the evening in question, Robbie had fallen from his high chair (or from a toy giraffe). She later changed her story and told both hospital personnel and police officers that Robbie had been beaten by appellant. Mickie testified that she had told the original false story at the insistence of appellant.

1. Appellant urges error in the trial court's failure to grant appellant's motion to have voir dire, opening statements, and closing arguments reported. The record shows that the trial judge ordered the recordation of all proceedings as contained in appellant's motion with the

exception of arraignment and arguments. Accordingly, appellant's argument with regard to the recording of voir dire and opening statements is without merit.

Further, the trial court did not err in failing to order the recording of closing arguments. Such is not required. See Code § 27-2401; *Lyle v. State,* 131 Ga. App. 8 (5) (205 SE2d 126).

2. Appellant urges error in the trial court's failing to grant his special demurrer to the indictment filed prior to trial. The indictment charged appellant with aggravated assault in that he did assault Robbie Booth with a deadly weapon, to wit: his hand and floor. Appellant demurred on the grounds that a hand and a floor are not deadly weapons within the meaning of Code § 26-1302. Appellant also argues that there was no evidence to sustain the count of the indictment alleging that appellant's hand and floor were deadly weapons.

This court considered a similar question in the case of *Quarles v. State,* 130 Ga. App. 756 (204 SE2d 467). The defendant in *Quarles* argued that "fists" were not dangerous weapons and that there was no evidence to sustain the count of the indictment so alleging. The Court of Appeals held as follows: "We recognize that fists per se are not a deadly weapon within the meaning of § 26-1302 of the Criminal Code of Georgia (Ga. L. 1968, pp. 1249, 1280). Nevertheless, they may be found to be a deadly weapon by the jury depending on the manner and means of their use, the wounds inflicted, etc. See *Finch v. State,* 98 Ga. App. 480 (106 SE2d 86); *Wright v. State,* 168 Ga. 690, 694 (148 SE2d 731). As brought out in the recent case of *Williams v. State,* 127 Ga. App. 386 (193 SE2d 633), whether the instrument used constitutes a deadly weapon is properly for the jury's determination."

In the present case, we cannot hold as a matter of law that appellant's hands and the floor, which inflicted such grave damage upon a twenty-two-month-old child, were not deadly weapons. The evidence showed the manner and means of appellant's use of his hands and floor, the nature of the severe injuries received, and the circumstances surrounding the assault. The evidence supported a finding that appellant's hands and floor were used as deadly weapons. This is particularly true when

one considers the age of the infant against whom these weapons were used.

3. On September 18, 1974, the appellant was interviewed by law enforcement officers for approximately two hours. During the interview, appellant signed a statement in which he described several incidents in which he spanked Robbie, or slapped Robbie, or pushed Robbie into a corner so that the child hit his head against the wall. Although the statement was not a confession of the charges against him, it was incriminating to appellant's case.

The trial court held a Jackson v. Denno type hearing, outside the presence of the jury, to determine the voluntariness of appellant's statement. After hearing evidence from an interviewing officer and appellant, the judge admitted the statement into evidence. Appellant urges error in the admission of the statement. He argues that the evidence showed that he was in a weakened and stupefied condition during his interrogation and was unable to understand his Miranda warnings or the statement that he signed. He also says that the evidence showed that he was threatened by one of the interviewing officers.

All of the evidence to which appellant refers was based on appellant's own testimony. The interrogating police officer testified that appellant was advised of his rights and signed a waiver of counsel form. The officer said that no threats or promises were made to appellant; appellant was free to leave at any time during the interview. And appellant told the officer that he understood his rights and freely and voluntarily gave the signed statement.

The state is required by the Constitution to show voluntariness only by a preponderance of the evidence. *High v. State,* 233 Ga. 153, 154 (210 SE2d 673). "The trial judge, as the trior of fact (as well as law) in the hearing out of the presence of the jury on the issue of admissibility, had the duty of resolving the conflicts in the evidence. . ." *Wilson v. State,* 229 Ga. 395, 397 (191 SE2d 783). The trial judge was authorized under the evidence to determine that appellant was advised and aware of his rights, made no request for counsel, and voluntarily signed the

incriminating statement. Accordingly, the trial judge committed no error in admitting appellant's statement into evidence.

4. Appellant made a written motion to require the state to produce all evidence favorable to the accused. The district attorney stated that he possessed no evidence favorable to the accused. During the trial, there was testimony that the child's mother, Mickie Booth, had given a written statement to a paramedic at the hospital and had made conflicting statements to police officers. There was no evidence that these statements were reduced to writing or that any such conflicting statements were in the possession of the state. It follows that appellant has failed to show that the state withheld any evidence from the accused which would have been favorable to his defense.

5. Appellant requested that the trial judge charge Code § 26-901 (c), relating to the defense of justification when a person's conduct is reasonable discipline of a minor by a person in loco parentis. The trial judge did not charge this provision, and appellant urges error in his failing to do so.

There was no evidence authorizing a charge of Code § 26-901 (c). This Code section provides that the defense of justification can be claimed "[w]hen the person's conduct is *reasonable* discipline of a minor by his parent or a person in loco parentis." (Emphasis supplied.) If the injuries sustained by Robbie were occasioned by appellant's acts of discipline, such conduct could not be determined to have been *reasonable* discipline. It follows that the trial judge committed no error in failing to charge Code § 26-901 (c).

6. Mickie Booth testified that she originally told police officers that Robbie had fallen from a toy giraffe and fallen on some motorcycle parts in the floorboard of her car. She later changed her story and told the officers that appellant had beaten the child. Defense counsel then asked Ms. Booth what the police said to her that indicated a need to change her story. The state objected to this question on the grounds that it called for hearsay. The trial judge sustained the objection.

We do not agree that this question called for hearsay,

but the question did assume a fact not in evidence. It assumed that the officers had said something to Ms. Booth which indicated a need to change her story. Such fact had not been established by any evidence.

Further, "[t]he record in the present case not disclosing that any statement was made to the trial judge as to what the witness was expected to testify to when objection was made to a question asked, we can not say that there was any harmful error in the action of the trial judge in sustaining the objection." *Reeves v. Morgan,* 121 Ga. App. 481, 484 (174 SE2d 460).

7. Defense counsel asked Mickie Booth if the defendant had ever hit her. Mickie responded that appellant had pushed her. Defense counsel then asked her to describe this incident. The state objected on the grounds that such an incident was irrelevant to the present case, and the trial judge sustained the objection. There was no error in the trial court's sustaining the state's objection.

8. Appellant urges error in the trial court's sentencing appellant before dismissing the jury. He argues that the trial judge is required to dismiss the jury before sentencing a defendant by Code § 27-2503. "The language therein contained that the trial judge 'shall dismiss the jury' is directory only. . .Any failure on the part of the trial judge to dismiss the jury at this stage of the proceeding, if an error, does not in any way affect the indictment, trial, and conviction of the defendant, and if an error, is one of which he has no right to complain." *Whitley v. State,* 137 Ga. App. 245, 246.

9. The evidence supported the verdict of guilty on all counts of the indictment.

10. All remaining enumerations of error are either abandoned or are without merit.

*Judgment affirmed. Marshall, J., concurs. Evans, J., concurs in the judgment as to Division 1, and concurs fully in the remainder of the opinion.*

ARGUED JANUARY 5, 1976 — DECIDED FEBRUARY 12, 1976 — REHEARING DENIED MARCH 5, 1976 — ▮▮▮▮▮▮▮▮

*Paul S. Liston,* for appellant.

*Richard Bell, District Attorney, Robert Wilson, Assistant District Attorney,* for appellee.