## A04A2355. SHEFFIELD v. THE STATE.
### (607 SE2d 205)

JOHNSON, Presiding Judge.

The Lowndes County grand jury indicted Scott Sheffield for theft by bringing a stolen automobile into the State of Georgia, theft by taking a truck, being a habitual violator, attempting to elude a police officer, aggravated assault on an officer, driving under the influence of alcohol, and giving a false name and birthdate to an officer. On March 22, 2004, Sheffield, with the assistance of counsel, pled guilty in Lowndes County Superior Court to theft by bringing a stolen automobile into the state and aggravated assault on an officer. The state moved the court to allow it not to prosecute the remaining charges, and the trial court granted the motion. The court imposed a ten-year probated sentence for the theft and a sixteen-year sentence for the aggravated assault, ordering Sheffield to serve seven years in confinement and the remaining nine years on probation.

On July 19, 2004, Sheffield filed a pro se motion to withdraw his guilty plea as to the offense of aggravated assault on an officer. The sole ground asserted in the motion is that the evidence presented at the guilty plea hearing shows that he did not in fact commit an aggravated assault. The trial court denied Sheffield's motion to withdraw the guilty plea. Sheffield appeals from that order of denial.

1. We note that since Sheffield pled guilty on March 22, 2004, and then moved to withdraw that plea on July 19, 2004, his motion to withdraw was filed within the same term of court as the entry of the

plea.[1] Because the plea and the motion to withdraw were filed during the same term of court, the trial court had jurisdiction to rule upon the motion.[2] As for our standard of review, a ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of that discretion.[3]

Here, the trial court did not manifestly abuse its discretion in denying Sheffield's motion to withdraw his plea on the ground that the evidence does not show that he committed the crime of aggravated assault on an officer. A review of the plea hearing transcript reveals that the prosecuting attorney told the court that Sheffield was driving a stolen truck and led police on a high speed chase; that Sheffield drove the truck into a yard and a law enforcement officer pulled into a nearby driveway; that Sheffield began driving toward the officer, and the officer tried to avoid being hit, but the officer could not get out of the way and Sheffield rammed into the officer's car while the officer was in it.

The officer told the court that after stopping in the driveway he got out of his car; that Sheffield then started driving toward him; that he jumped back into his vehicle to try to get out of the way, but Sheffield struck his car with the truck. Sheffield himself then admitted to the court that the state's version of the facts was correct. He also told the court that he is in fact guilty of the crime charged.

> A person is guilty of aggravated assault on a police officer when he or she assaults a peace officer with a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury. An assault occurs when a person attempts to commit a violent injury to the person of another; or commits an act which places another in reasonable apprehension of immediately receiving a violent injury. It is well established that a speeding driver who uses a car offensively against a police officer during a high-speed chase can be guilty of aggravated assault on a police officer.[4]

---

[1] OCGA § 15-6-3 (35) (D) provides that the terms of court for the Lowndes County Superior Court commence on the first Monday in March and the first Tuesday immediately following the first Monday in September.

[2] See *Davis v. State*, 274 Ga. 865 (561 SE2d 119) (2002); *Bonner v. State*, 268 Ga. App. 170, 171 (1) (601 SE2d 478) (2004).

[3] *Johnson v. State*, 260 Ga. App. 897, 899 (1) (581 SE2d 407) (2003).

[4] (Citations and punctuation omitted.) *Dyer v. State*, 261 Ga. App. 289, 290 (1) (585 SE2d 81) (2003).

In the instant case, there is substantial evidence that Sheffield committed the crime of aggravated assault on a police officer by using a motor vehicle offensively against the officer. Sheffield's claim to the contrary is thus without merit, and the trial court did not err in denying his motion to withdraw his guilty plea.

2. Sheffield further complains that his trial attorney was ineffective. Sheffield, however, did not raise this issue in the trial court. Rather, as previously noted, the sole ground asserted in his motion to withdraw the guilty plea was the alleged absence of any evidence that he committed an aggravated assault on an officer. A claim of ineffective assistance of counsel must be raised in the trial court at the earliest practicable moment, and the failure to raise the issue constitutes a waiver.[5] Sheffield could have raised the issue of ineffective assistance of counsel in his motion to withdraw the guilty plea, but he did not, and his failure to do so constitutes a waiver barring appellate consideration of the issue.[6]

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 19, 2004.

Scott Sheffield, *pro se.*
J. *David Miller, District Attorney, Bradfield M. Shealy, Assistant District Attorney*, for appellee.

---

[5] *Wilson v. State*, 277 Ga. 195, 197-199 (2) (586 SE2d 669) (2003).
[6] Id. at 198.