A06A1473. DORSEY v. THE STATE.
(631 SE2d 826)

BLACKBURN, Presiding Judge.

Having pled guilty to two counts of shoplifting and to one count of giving a false name to police, Terrell Jarrod Dorsey appeals the trial court's denial of his motion to withdraw his guilty plea, contending his plea was not voluntary. Specifically, he claims that he understood that once he signed the pre-hearing guilty plea form, he had no choice but to continue to plead guilty to the judge. Inasmuch as the record belies this claim, we affirm.

Indicted on two counts of theft by shoplifting and on one count of giving police a false name, Dorsey initially pled "not guilty." Three weeks later, Dorsey (with advice of counsel) decided to plead guilty. On the day of the hearing to receive the plea, Dorsey's counsel reviewed with him a written statement, in which (i) the charges and potential punishments were listed, (ii) Dorsey acknowledged that by pleading guilty he was waiving his rights to trial by jury, to the legal presumption of innocence, to cross-examine witnesses, to subpoena witnesses, to testify, to have counsel, and not to be required to give evidence against himself, (iii) Dorsey stated he was not being forced or threatened, (iv) Dorsey expressed his understanding that he could withdraw his guilty plea at any time before sentencing, and (v) Dorsey indicated he was voluntarily and freely pleading guilty. Dorsey and his attorney both signed this statement.

During the hearing, the court reviewed this statement with Dorsey, (a) ensuring that Dorsey had read and signed the statement, (b) reiterating many of Dorsey's rights, (c) explaining again the

[8] *Kennon v. State*, 232 Ga. App. 494, 496 (3) (502 SE2d 330) (1998).
[9] *Norwood v. State*, 265 Ga. App. 862, 864-865 (2) (595 SE2d 537) (2004).

charges and possible sentences, and (d) confirming that this was a nonnegotiated plea. The court asked Dorsey if he wished to go forward with the guilty plea under these conditions, and Dorsey replied in the affirmative. The court asked him how he wished to plead, to which Dorsey replied, "Guilty, sir." Before pronouncing sentence, the court allowed Dorsey's counsel to argue and then allowed Dorsey to express his thoughts directly to the court. When Dorsey expressed some reservation as to the facts underlying one of the shoplifting charges, the court reminded Dorsey that jurors were immediately available if Dorsey wished to change his plea to "not guilty" and to go to trial. Dorsey maintained his guilty plea and simply asked for a sentence of probation in light of his recent completion of a drug rehabilitation program. Citing Dorsey's three prior convictions for shoplifting, the court sentenced Dorsey to two years in prison.

Eight days later, Dorsey moved to withdraw his guilty plea, arguing that his guilty plea was not knowingly, intelligently, or voluntarily entered. At the hearing on this matter, he testified that because he had executed the written statement immediately before his guilty plea hearing, he had understood that he had no choice in that hearing other than to plead guilty. He had not understood that he could change his plea during the hearing. The court denied the motion to withdraw, giving rise to this appeal.

A ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court, and we will not disturb that ruling absent a manifest abuse of that discretion. *Sheffield v. State.*[1] Here, the entire factual premise for Dorsey's motion to withdraw was his alleged understanding that having signed the pre-hearing written statement, he could not change his plea prior to sentencing. Substantial evidence belies this premise. In the written statement itself, which Dorsey carefully reviewed with his attorney, Dorsey expressly acknowledged that "I understand that I can withdraw a plea of guilty at any time before sentencing." Moreover, during the hearing, the court asked Dorsey whether he wanted to continue with his plea, to which Dorsey responded, "Yes, sir." Finally, just before sentencing, when Dorsey noted some reservation to one of the charges, the court expressly gave Dorsey the opportunity to change his plea to "not guilty," which Dorsey declined.

Accordingly, as evidence supported a rejection of the factual premise underlying Dorsey's motion to withdraw his guilty plea, the court did not abuse its discretion in denying that motion. See *Sheffield*, supra at 577-578 (1).

---

[1] *Sheffield v. State*, 270 Ga. App. 576, 577 (1) (607 SE2d 205) (2004).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED JUNE 6, 2006.

*James W. Bradley*, for appellant.
*Jewel C. Scott, District Attorney, Melvin E. Abercrombie, Assistant District Attorney*, for appellee.