### A07A2124. ELLISON v. THE STATE.
(654 SE2d 223)

ELLINGTON, Judge.

A Ware County jury found James Ellison guilty of aggravated assault with a deadly weapon, OCGA § 16-5-21 (a) (2), and possession of a weapon by an inmate, OCGA § 42-5-63. Following the denial of his motion for a new trial, Ellison appeals, contending that the State failed to prove beyond a reasonable doubt that the piece of fence wire he used in a fight with the victim constituted a "deadly weapon" within the meaning of OCGA § 16-5-21 (a) (2). Finding no error, we affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. This Court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, we must uphold the jury's verdict.

(Citations omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004). The standard of *Jackson v. Virginia* is met if the evidence is sufficient for any rational trier of fact to find the defendant guilty beyond a reasonable doubt of the crime charged. *Clark v. State*, 275 Ga. 220, 221 (1) (564 SE2d 191) (2002).

Viewed in the light most favorable to the verdict, the evidence showed the following. On January 8, 2002, Ellison fought with

another inmate at Ware State Prison. During the fight, Ellison stabbed the other inmate repeatedly with a shank which had been fashioned from a piece of fence wire six to seven inches long by sharpening a point at one end and winding tape around the other end as a handle. The victim sustained puncture wounds to his head, his right shoulder, his left chest wall, his rib cage in the area of his lungs and spleen, and his back in the area of his kidneys.

When a criminal defendant is charged with aggravated assault under OCGA § 16-5-21 (a) (2), whether the instrument used constitutes "a deadly weapon" or an "object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury" is properly for the jury's determination. *Ellis v. State*, 137 Ga. App. 834, 836 (2) (224 SE2d 799) (1976). In a case where the defendant assaults the victim with a fist or another object which is not per se a deadly weapon, the jury may nevertheless find the object to be an instrument that is likely to result in serious bodily injury "depending on the manner and means of [the object's] use, the wounds inflicted" and other evidence of the capabilities of the instrument. (Citations omitted.) Id. See also *Wells v. State*, 125 Ga. App. 579, 580 (188 SE2d 407) (1972) ("The lethal character of the weapon used in making an assault may be inferred from the effect and nature of the wound inflicted.") (citations and punctuation omitted); *Tanner v. State*, 86 Ga. App. 767 (2) (72 SE2d 549) (1952) (the fact that an instrument was likely to produce death may be shown from the nature of any wounds caused by the weapon as well as by direct proof of the weapon's character).

In this case, the jury viewed the weapon and received testimony and photographic evidence about the nature and extent of the victim's actual injuries and the manner in which Ellison used the shank to stab the victim in the area of several vital organs. The jury was authorized to infer from the evidence that the instrument was a deadly weapon. See *Cail v. State*, 287 Ga. App. 547, 549 (1) (b) (652 SE2d 190) (2007) (the defendant was properly convicted of aggravated assault where the device used was a metal knife or shank); *Ellis v. State*, 137 Ga. App. at 836-837 (2) (jury was authorized to find that under the circumstances the defendant's hand and floor were deadly weapons); *Quarles v. State*, 130 Ga. App. 756, 757 (2) (204 SE2d 467) (1974) (jury was authorized to find that under the circumstances the defendant's fists were deadly weapons); *Wells v. State*, 125 Ga. App. at 580 (jury was authorized to find that a switchblade knife which caused a 3/4-inch puncture wound in the victim's chest above the second rib was a deadly weapon).

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 13, 2007.

*John C. Culp*, for appellant.

*Richard E. Currie, District Attorney, Melanie J. Brogden, Assistant District Attorney*, for appellee.