### A08A1432. MAIORANO v. THE STATE.
(669 SE2d 678)

BARNES, Chief Judge.

Anthony Maiorano appeals his conviction of aggravated assault. He contends the evidence was insufficient to support his conviction and that the trial court erred by refusing to charge the jury on the lesser included offense of simple battery. We disagree, and affirm for the reasons stated below.

Viewed in the light most favorable to the verdict, the evidence shows that the victim was sitting in a bar with friends when he was struck on the head with a beer bottle by a person behind him. Before being hit by the bottle, the victim had no conversation with Maiorano. When he turned around, Maiorano was standing there about five or six steps away and said, "What's up now?" No one else was between the victim and Maiorano at the door. The victim and Maiorano had a brief fight, a "tussle," until someone broke them up. Then Maiorano ran out the door. The victim was cut by the beer bottle and received stitches.

Another witness testified that he heard breaking glass and when he turned in the direction of the sound, he saw one man swinging at another. When he got between the two, the "attacking man backed out of the doorway and then got in his car and left." He identified Maiorano as the attacking man. The witness saw the license tag on the car in which Maiorano left and reported it to the police. When the police arrived, the victim had an open, bleeding wound on the top of his head.

The State also introduced evidence that on an earlier occasion Maiorano assaulted another patron at another bar without provocation and then punched the female manager in the face when she tried to stop him from beating the victim of the unprovoked assault.

Maiorano, his brother, and another man took part in the attack on this victim, who testified that they were kicking and hitting him.

The bartender on duty the night of the incident giving rise to this case testified as a defense witness, however, that Maiorano was not the man who hit the victim with the beer bottle. According to the bartender, Maiorano and the victim were part of two groups who were arguing about two women who were in the bar, when another man with Maiorano grabbed a beer bottle, went around, and either hit the victim over the head with the bottle or threw the beer bottle at the victim.

Additionally, Maiorano produced a witness who was present on the night of the similar transaction, and who testified that the victim provoked the fight by using racial slurs toward an African-American who was there with Maiorano. This witness was a member of Maiorano's group that night.

1. Maiorano contends the evidence was insufficient to support his conviction of aggravated assault because no one saw him strike the victim with the beer bottle, and the bartender testified that "the other guy," apparently Maiorano's brother, was the one who hit the victim with the beer bottle. This argument disregards the other evidence in the case. Maiorano was more than merely present at the bar. The evidence shows that he was standing behind the victim after the victim was struck by the bottle, said, "What's up now," and immediately began fighting with the victim. This argument also fails to consider the similar transaction evidence which showed Maiorano's history of making unprovoked attacks on unsuspecting victims.

Further, although the bartender identified someone else as the person who either hit or threw the bottle at the victim, his testimony was internally inconsistent. Moreover, no other witness testified about an altercation between the two groups over two women. Consequently, the jury was not obligated to believe the bartender's testimony. Credibility of the witnesses and the weight to be accorded their testimony rests solely with the trier of fact, and the jury is not obligated to believe a witness, even if not contradicted by other witnesses. *State v. Betsill*, 144 Ga. App. 267, 268 (2) (240 SE2d 781) (1977). Of course, in this case the bartender's testimony was contradicted by the victim's testimony.

When this court reviews an appeal of a criminal conviction, the appellant no longer enjoys the presumption of innocence and we view the evidence in the light most favorable to the verdict. We do not re-weigh testimony, determine witness credibility, or address assertions of conflicting evidence; our role is to determine whether the evidence presented is sufficient for a rational trier of fact to find guilt beyond a reasonable doubt. *Rigenstrup v. State*, 197 Ga. App. 176, 181 (4) (398 SE2d 25) (1990).

When the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis except the defendant's guilt, the verdict will not be disturbed unless the verdict is insupportable as a matter of law. *Pattillo v. State*, 250 Ga. 510, 512 (299 SE2d 710) (1983). A conviction based upon circumstantial evidence is authorized only when the proved facts are not only consistent with the hypothesis of guilt, but exclude every other reasonable hypothesis save that of the guilt of the accused. OCGA § 24-4-6. When the evidence meets this test, however, circumstantial evidence is as probative as direct evidence, *Christmas v. State*, 171 Ga. App. 4, 7 (318 SE2d 682) (1984), and "[w]hether this burden has been met is a question for the jury, and its determination will not be disturbed unless the verdict is unsupportable as a matter of law." (Citation omitted.) *Doe v. State*, 189 Ga. App. 793, 795 (377 SE2d 546) (1989). Further, circumstantial evidence must exclude only reasonable hypotheses save the defendant's guilt; it need not exclude all other inference or hypothesis except the defendant's guilt. *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662) (1987).

Viewing the evidence in a light most favorable to the verdict, we conclude that the jury rationally could have found from the circumstantial evidence that every reasonable hypothesis was excluded except that Maiorano struck the victim on the head with the beer bottle, an instrument when used offensively is likely to result in serious bodily injury. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We also find no merit to Maiorano's allegation that the trial court erred by refusing to give his requested charge on the lesser included offense of simple battery. Although "a written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense," *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550) (1990), the trial court did not err by refusing to give Maiorano's requested charge on the lesser included offense of simple battery because no evidence was presented raising that defense.

> The complete rule with regard to giving a defendant's requested charge on a lesser included offense is: where the state's evidence establishes all of the elements of an offense *and there is no evidence raising the lesser offense*, there is no error in failing to give a charge on the lesser offense. Where a case contains some evidence, no matter slight, that shows that the defendant committed a lesser offense, then the court should charge the jury on that offense.

(Citation omitted.) *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d

444) (1994). Here, Maiorano's defense was that he did not strike the victim with the beer bottle, and he presented no evidence that the bottle was not an instrument that when used offensively was likely to result in serious bodily injury. Thus, the jury could find that he had not committed the assault, or find him guilty as charged.

> Where the evidence shows either the completed offense as charged or no offense, such evidence will not support a verdict for one of the lesser grades of the offense, and the court should not charge on the lesser grades of the offense. *Hardy v. State*, 159 Ga. App. 854, 859 (285 SE2d 547) (1981). Thus, it was not error to deny appellant's requested charge on simple battery.

*Burley v. State*, 172 Ga. App. 34, 35 (3) (b) (321 SE2d 783) (1984).
*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 4, 2008 —
RECONSIDERATION DENIED NOVEMBER 20, 2008 — 

*Gregory N. Crawford*, for appellant.
*Spencer Lawton, Jr., District Attorney, Melanie Higgins, Assistant District Attorney*, for appellee.