A10A0437. REESE v. THE STATE.
(695 SE2d 326)

PHIPPS, Presiding Judge.
Terry Junior Reese challenges the sufficiency of the evidence underlying his conviction for aggravated assault upon a peace officer. The indictment alleged that Reese assaulted an officer "with an object, to wit: a bottle, which, when used offensively against another person is likely to result in serious bodily injury, by confronting said [officer] with said bottle." Reese specifically argues that the state failed to prove that the bottle at issue constituted an "object . . . which, when used offensively against a person, is likely to or actually does result in serious bodily injury," as contemplated by the aggra-

---

vated assault statute.[1] Because Reese has demonstrated no merit in this argument, we affirm.

When an appellant challenges the sufficiency of the evidence to support his conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[2]

So viewed, the evidence adduced at the jury trial showed that, on May 28, 2005, a deputy sheriff arrived at Reese's residence in response to a domestic violence dispatch. Reese's wife was visibly upset when she came to the front door. She granted the officer permission to enter the home, but Reese, who was near the door and holding a 12-ounce bottle of beer, protested loudly enough for the officer to hear, "Hell, no, I pay the rent here. I say who comes in and who don't." When the officer stepped inside, Reese approached the doorway, threw the beer bottle at the officer, tackled that officer back outside and to the ground, then briefly wrestled with another officer who had arrived as backup. Reese was quickly subdued and arrested.

An investigator with the sheriff's office was summoned to the scene. When he arrived, he found broken glass at the entryway of the residence. He observed beer bottles scattered on the floor inside the residence, as well as wet markings on inside doors. According to the investigator, the wet markings were consistent with beer bottles having been thrown about. The investigator also found that a beer bottle had been broken, apparently against a utility room door near the kitchen.

Reese argues that the state failed to show that he had used the bottle offensively; he claims that the state adduced no probative evidence regarding the weight and construction of the bottle, including whether the bottle was glass, plastic, or any other material; Reese also points out that there was no evidence that the officer was injured by the bottle itself. Where, as here, the defendant has assaulted the victim with an object which is not per se a deadly weapon, the jury may nevertheless find the object to be an instrument that is likely to result in serious bodily injury depending on the manner and means of the object's use, as well as any wounds inflicted and other evidence of the capabilities of the instrument.[3] "Examples of normally non-offensive non-deadly objects which have been used in a manner as to support convictions of armed robbery or aggravated assault are: a beer bottle, a ceramic statue, a pocketknife,

---

[1] See OCGA § 16-5-21 (a) (2).

[2] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979) (emphasis in original).

[3] *Ellison v. State*, 288 Ga. App. 404, 405 (654 SE2d 223) (2007).

fists, and even a pillow and sheets."[4]

Viewed in the light most favorable to the prosecution, the evidence allowed for a finding that Reese, reacting to the officer's entry into his residence despite having heard his vehement objection, approached the doorway and threw at the officer from a short distance a 12-ounce glass bottle with sufficient force that the bottle shattered upon impact. Given the circumstances underlying this case, the jury was authorized to conclude that Reese used a bottle offensively against the officer in a manner likely to have resulted in serious bodily injury.[5] Reese's claim that the officer was not injured by the bottle itself is unavailing. As set forth above, the aggravated assault statute proscribes using against a person any object, device, or instrument in an offensive manner that is "likely to or actually does result in serious bodily injury."[6] And Reese's reliance upon *Ware v. State*[7] is misplaced. *Ware* is not binding authority, but is physical precedent only since the judgment was not fully concurred in by all the judges ruling on that case.[8]

*Judgment affirmed. Miller, C. J., and Johnson, J., concur.*

DECIDED APRIL 29, 2010.

*Charles H. Cauble*, for appellant.

*Peter J. Skandalakis, District Attorney, Vincent J. Faucette, Assistant District Attorney*, for appellee.

---

[4] *Livery v. State*, 233 Ga. App. 882, 884 (1) (506 SE2d 165) (1998) (citations and punctuation omitted).

[5] See *Chancey v. State*, 258 Ga. App. 319-320 (1) (574 SE2d 383) (2002) (finding evidence sufficient, where the appellant had swung long chain over his head while moving toward an officer, despite appellant's claim that he had no intention of hurting officer); see generally *Maiorano v. State*, 294 Ga. App. 726, 727-728 (1) (669 SE2d 678) (2008) (finding evidence sufficient, where the appellant had used beer bottle to strike victim from behind, and the resulting cut on victim's head required stitches).

[6] OCGA § 16-5-21 (a) (2) (emphasis supplied); see *Chancey*, supra.

[7] 289 Ga. App. 860 (658 SE2d 441) (2008) (physical precedent only).

[8] See Court of Appeals Rule 33 (a); see also *Mueller v. State*, 257 Ga. App. 830, 832 (2) (572 SE2d 627) (2002).