**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**May 11, 2012**

# In the Court of Appeals of Georgia

A12A0724. EVANS v. THE STATE.

MIKELL, Presiding Judge.

After a bench trial, Phillip Evans was found guilty of child molestation[1] and public indecency.[2] He appeals from the denial of his motion for new trial, challenging the sufficiency of the evidence. Finding no error, we affirm.

"On appeal from a criminal conviction, a defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the guilty verdict."[3] So viewed, the evidence shows that Edward Green drove to an

---

[1] OCGA § 16-6-4 (a) (1).

[2] OCGA § 16-6-8 (a) (2).

[3] (Punctuation and footnote omitted.) *Goss v. State*, 305 Ga. App. 497 (699 SE2d 819) (2010).

Office Max shopping center with his 13-year-old daughter, M. G. While her father went into a store, M. G. waited in the car in the front passenger seat. Noticing M. G. in the car, Evans exposed himself to her by pressing his genitals against the passenger window of the car and then fled to another area of the parking lot. Although M. G. did not see Evans' face, she noticed that he was wearing a black and red plaid shirt, a green jacket and jeans. When Green came back to the car, M. G. was crying and told him what she saw. Green called the police and, while waiting for them to arrive, he confronted Evans in the parking lot. Evans then ran screaming into the Office Max, where an office manager overheard Evans telling his companion "[t]ell them I was with you." The responding police officer testified that Evans was visibly nervous when the officer asked him to step outside, and that Evans had brown, dirty smudges on his pants consistent in color and location with the dirt on Green's car near the passenger window.

In his two enumerations of error, Evans contests the sufficiency of the evidence, pointing to what he claims are weaknesses and inconsistencies in the testimony. However, it is the sole province of the trier of fact to resolve conflicts in the testimony.[4] This Court "does not weigh the evidence or determine witness

---

[4] *Pittman v. State*, 243 Ga. App. 564, 565 (1) (533 SE2d 769) (2000).

credibility."[5] Rather, "[a]s long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the [trier of fact's] verdict will be upheld."[6] Reviewing the evidence in the light most favorable to the verdict, we find that any rational trier of fact could have found Evans guilty beyond a reasonable doubt of child molestation and public indecency.[7]

*Judgment affirmed. Miller and Blackwell, JJ., concur.*

---

[5] (Citations omitted.) *Bierria v. State*, 232 Ga. App. 622, 624 (1) (502 SE2d 542) (1998).

[6] (Citation and punctuation omitted.) *Pittman*, supra.

[7] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Childs v. State*, 177 Ga. App. 257, 259 (2) (339 SE2d 311) (1985); *Tilley v. State*, 197 Ga. App. 97, 98 (1) (397 SE2d 506) (1990).