**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**November 20, 2013**

# In the Court of Appeals of Georgia

A13A1610. WEAVER v. THE STATE.

BOGGS, Judge.

Michael David Weaver, also known as Michael Carothers, pled guilty to one count of aggravated assault for spraying another man with pepper spray. Over two weeks later, Weaver filed a pro se motion to withdraw his guilty plea. The trial court denied Weaver's motion, and he now appeals, arguing that an insufficient factual basis exists for his plea because the State's proffer failed to show that pepper spray is either a deadly weapon or an object, device, or instrument likely to cause serious bodily injury under OCGA § 16-5-21 (a) (2). We disagree and affirm.

"[A] ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of that discretion." (Citation and footnote omitted.) *Sheffield v. State*, 270 Ga. App. 576, (1)

(607 SE2d 205) (2004). Uniform Superior Court Rule 33.9 provides: "Notwithstanding the acceptance of a plea of guilty, the judgment should not be entered upon such plea without such inquiry on the record as may satisfy the judge that there is a factual basis for the plea." The purpose of this rule "is to protect against someone pleading guilty when that person may know what he has done but may not know that those acts do not constitute the crime with which he is charged. USCR 33.9 provides this protection by requiring a trial court to subjectively satisfy itself that there is a factual basis for the plea." (Citations and punctuation omitted.) *Phelps v. State*, ___ Ga. ___ (1) (Case No. S13A1294, decided October 21, 2013). "USCR 33.9 requires nothing more than that the trial court make itself aware of the factual basis of the plea." (Citations and punctuation omitted.) Id. "And a factual basis is sufficient if it subjectively satisfies the trial court that the defendant knows both what he has done and that those acts constitute the crime with which he is charged." (Citations, punctuation and footnotes omitted.) *Leary v. State*, 291 Ga. App. 754 (1) (662 SE2d 733) (2008).

At the plea hearing, the State explained that the evidence would show that as the victim and his friend walked toward their homes, Weaver, who was sitting in his vehicle, called the victim to come up to the vehicle. When the victim approached,

2

Weaver sprayed him "directly in the face with mace." The victim "felt like his face was melting," the spray burned his eyes and temporarily blinded him, so that his friend had to help him as he stumbled to his home three or four blocks away. The victim remained in a "great deal of pain" after his arrival home and throughout his return to the scene of the incident with his mother to talk to the police.

Weaver argues that the factual basis proffered by the State was insufficient to establish the foundation for the plea because "[t]he act of merely spraying pepper spray into the face of an adult from a foot away as charged here is not a means likely to cause serious bodily injury and did not in fact cause serious bodily injury in this case." We disagree.

We begin our analysis by noting that "[Weaver] was not indicted for actually causing serious bodily injury, and since there is no allegation in the indictment that serious bodily injury in fact occurred, any argument premised on such an allegation is misplaced. [Cit.]" *Massey v. State*, 278 Ga. App. 303, 304 (1) (628 SE2d 706) (2006). Likewise, because Weaver was not indicted for using a deadly weapon, we need not address whether pepper spray is a deadly weapon.

As both parties correctly acknowledge, a specific definition of "serious bodily injury" has not been provided by statute or case law in Georgia. Instead, "[w]hether

3

a weapon is one likely to cause serious bodily injury is a question for the jury, which may consider all the circumstances surrounding the weapon and the manner in which it was used. [Cits.]" *Harwell v. State*, 270 Ga. 765, 767-768 (1) (512 SE2d 892) (1999). These circumstances include "the manner and means of the object's use, as well as any wounds inflicted and other evidence of the capabilities of the instrument." (Citation and footnote omitted.) *Reese v. State*, 303 Ga. App. 871, 872 (695 SE2d 326) (2010). This court has previously held that a bruise provides evidence that an instrument was likely to cause serious bodily injury. See *Reynolds v. State*, 294 Ga. App. 213, 217 (1) (c) (668 SE2d 846) (2008) (bruises caused by wooden plank); *Hernandez v. State*, 274 Ga. App. 390, (617 SE2d 630) (2005) (welt or bruise caused by branch sufficient to support finding of "likely to result in serious bodily injury").

In *Harwell v. State*, 231 Ga. App. 154 (497 SE2d 672) (1998), this court concluded:

> We must give some credit to the jury for common sense, for knowing that a stun gun used in the manner it was used in this case is not an "object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." It was not used to beat him over the head, for example.

4

Id. at 157 (3) (f). The Georgia Supreme Court, in reversing our decision, however, found that the use of a stun gun to administer a temporary shock presented a jury question on the issue of whether the offensive use was likely to result in serious bodily injury. 270 Ga. at 767-768 (1).

Here, the State's proffer showed that the victim suffered a burning sensation in his eyes and face, was in a great deal of pain, and was temporarily blinded. The trial court did not abuse its discretion by concluding that this evidence supported a guilty plea to aggravated assault based upon the use of "any object, device or instrument which, when used offensively against a person, is likely to . . . result in serious bodily injury." OCGA § 16-5-21 (a) (2). Cases from other jurisdictions support this conclusion. See, e. g., *United States v. Mosley*, 635 F3d 859, 864 (II) (6th Cir. 2011) (concluding after scientific and physiological analysis that "the use of pepper spray, a device chosen for self-defense precisely because it injures and incapacitates attackers, 'presents a serious potential risk of physical injury to another' when used offensively" under federal sentencing guidelines); *State v. Harris*, 966 So2d 773, 778-779 (La. App. 2007) (concluding that pepper spray caused "serious bodily injury," reasoning that "[i]t was not necessary for the spray to produce

permanent injuries, but simply to produce 'extreme physical pain,' and that degree of pain was evident by the testimony of the [victims]").

We therefore affirm the trial court's denial of Weaver's motion to withdraw his guilty plea.

*Judgment affirmed. Doyle, P. J., and McFadden, J., concur.*