**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 21, 2021**

# In the Court of Appeals of Georgia

A21A1505. HUFF v. THE STATE.

PHIPPS, Senior Appellate Judge.

A jury found Patrick Huff guilty of two counts of family violence aggravated assault and other offenses. Huff appeals from the denial of his motion for a new trial, arguing only that the evidence was insufficient to support his aggravated assault convictions. For the reasons that follow, we disagree and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. *Krauss v. State*, 263 Ga. App. 488, 488 (1) (588 SE2d 239) (2003). So viewed, the evidence shows that the victim and Huff were in a relationship for approximately two years, beginning in mid-2017; they lived together for most of that time. In January 2019, Huff angrily confronted the victim about one of her prior

relationships, "yelling and cussing" at her in a bedroom. At some point, Huff left the room and returned with a hammer. He continued to yell at the victim, threatening to kill her with the hammer if she did not tell him about the prior relationship. Because of Huff's threat, the victim relented and confirmed the relationship. In response, Huff struck the victim in the knee with the hammer, which "completely knocked [her] off the bed." He then threw the hammer toward her head, but it narrowly missed her and struck a wall behind her, leaving a large hole in the wall. The attack left a red mark and bruises on the victim's knee, which became swollen "like a golf ball," and made it difficult for her to walk for a while.

In March 2019, after the victim told Huff that she was going to buy a phone, Huff forbade her to do so and shoved her twice outside of their home.[1] The victim then entered the house, announcing that she was going to use a roommate's phone to call 911. Huff followed her inside, grabbed her neck with his arm, choked her, and told her that he would rather go to prison for killing her than go to jail. Huff choked the victim so hard that she momentarily could not breathe and thought that he was trying to break her neck.

---

[1] At that time, the victim did not have a phone because Huff had destroyed her four prior phones and would not let her have another one.

Shortly after the March 2019 choking incident, Huff was arrested and charged with multiple crimes in connection with his attacks on the victim. At trial, the jury found him guilty of two counts of family violence aggravated assault (Counts 1 and 5), and one count each of making terroristic threats, family violence simple battery, and obstruction of a 911 call (Counts 2-4).[2] The jury found Huff not guilty of two additional counts of family violence aggravated assault, one additional count of making terroristic threats, and one count of false imprisonment (Counts 6-9). Huff filed a motion for a new trial, which the trial court denied, and this appeal followed.

1. Huff first contends that the evidence was insufficient to support his conviction for Count 5 (aggravated assault with a hammer) because the State did not establish that he used a hammer in a way that was likely to or did cause serious injury. We disagree.

"When a criminal defendant challenges the sufficiency of the evidence supporting his conviction, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Galvan v. State*, 330 Ga. App. 589, 592 (1) (768 SE2d 773) (2015) (citations and punctuation

[2] Huff does not challenge his convictions for Counts 2-4 on appeal.

3

omitted); see also *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979). "[I]t is the sole province of the trier of fact to resolve conflicts in the testimony," and this Court neither weighs the evidence nor determines witness credibility. *Evans v. State*, 315 Ga. App. 863, 864 (729 SE2d 31) (2012). "[A]s long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the trier of fact's verdict will be upheld." Id. (citation and punctuation omitted).

As alleged in Count 5 of Huff's indictment, the elements of aggravated assault are: "(1) an assault and (2) aggravation by use of any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." *Tremblay v. State*, 329 Ga. App. 139, 141 (1) (764 SE2d 163) (2014) (citations and punctuation omitted); see OCGA § 16-5-21 (a) (2).[3] Huff challenges only the "aggravation" element of this offense: he claims that the State failed to establish the size, shape, or weight of the hammer – which was not

[3] As discussed above, Huff was convicted of family violence aggravated assault. An aggravated assault becomes a family violence offense when, as relevant here, it is committed between persons (other than siblings) living or formerly living in the same household. See OCGA § 16-5-21 (i). Huff does not dispute that he and the victim lived in the same household at all relevant times.

4

introduced at trial – or any other characteristics showing that it was used in a way that could or did cause serious injury.

Whether the object, device, or instrument at issue in an aggravated assault charge is likely to or does cause serious injury is a jury question. *Ellison v. State*, 288 Ga. App. 404, 405 (654 SE2d 223) (2007). In making that determination, the jury may consider "all the circumstances surrounding the weapon and the manner in which it was used." *Weaver v. State*, 325 Ga. App. 51, 52 (752 SE2d 128) (2013) (citation and punctuation omitted). Thus, a jury may find that an object meets the statutory definition based on "the wounds inflicted and other evidence of the capabilities of the instrument." *Ellison*, 288 Ga. App. at 405 (citation and punctuation omitted) (concluding that the jury was authorized to find that a piece of fence wire fashioned into a "shank" was a deadly weapon based on its physical characteristics and the victim's wounds). In that regard, "a bruise provides evidence that an instrument was likely to cause serious bodily injury." *Weaver*, 325 Ga. App. at 52.

Here, the evidence showed not only that Huff's hammer attack left a golf-ball-sized injury on the victim's knee, caused her to fall off of a bed, and impeded her ability to walk, but also that the hammer was of sufficient size and heft to have left a large hole in a wall when Huff threw it at the victim's head shortly after threatening

to kill her with it. These circumstances authorized the jury to find that Huff used the hammer offensively against the victim in a way that did or was likely to cause serious bodily injury as contemplated by the aggravated assault statute. See *Weaver*, 325 Ga. App. at 53 (concluding that pepper spray may constitute an instrument likely to result in serious bodily injury where, after its use on the victim, he "suffered a burning sensation in his eyes and face, was in a great deal of pain, and was temporarily blinded"); *Reese v. State*, 303 Ga. App. 871, 872-873 (695 SE2d 326) (2010) (evidence that the defendant threw a 12-ounce beer bottle at a deputy sheriff, in conjunction with broken glass later found at the scene, was sufficient for the jury to find that the defendant used a glass bottle offensively against the deputy in a manner likely to result in serious bodily injury for purposes of the aggravated assault statute); *Hernandez v. State*, 274 Ga. App. 390, 390-391 (1), 392 (4) (617 SE2d 630) (2005) (testimony that the defendant struck the victim "with a dry branch two and one-half to three feet in length," leaving a welt on the victim's arm, was sufficient to establish assault with an object likely to cause serious bodily injury when used offensively, despite the State's failure to introduce the branch into evidence) (punctuation omitted); compare *Ware v. State*, 289 Ga. App. 860, 864 (658 SE2d 441) (2008) (physical precedent only) (evidence that the defendant hit the victim once with the

"non-business end" of a box cutter and caused a "minor" cut to the victim's face was insufficient to establish that the box cutter was an offensive weapon under the aggravated assault statute) (punctuation omitted). We therefore affirm Huff's conviction for Count 5.

2. To establish an aggravated assault as charged in Count 1 of Huff's indictment, the State was required to prove that he assaulted the victim with objects, devices, or instruments – here, his hands or arm – which, when used offensively, were likely to or did result in strangulation.[4] See OCGA § 16-5-21 (a) (3). "Strangulation" is defined, in relevant part, as "impeding the normal breathing or circulation of blood of another person by applying pressure to the throat or neck of such person . . . ." OCGA § 16-5-19 (11). Huff argues that the evidence was insufficient to establish this offense because the victim "did not testify about the manner of the choking."

---

[4] Although the indictment alleged that Huff assaulted the victim with an instrument that is likely to "and" results in strangulation, it was sufficient for the State to establish that the crime was committed in either manner. See *Chynoweth v. State*, 331 Ga. App. 123, 125 (1) (768 SE2d 536) (2015) ("It is sufficient for the State to show that a crime was committed in any one of the separate ways listed in the indictment, even if the indictment uses the conjunctive rather than disjunctive form.") (citation and punctuation omitted). And while the indictment similarly alleged that Huff choked the victim with his hands "and" arm, it likewise was sufficient for the State to prove either manner of choking. See id.

7

Pretermitting whether Huff has abandoned this claim by failing to support it with authority, citation to the record, or further argument beyond the single, conclusory assertion quoted above, see Court of Appeals Rule 25 (c) (2); *Brittain v. State*, 329 Ga. App. 689, 704 (4) (a) (766 SE2d 106) (2014), it is without merit. As discussed above, the State presented evidence that Huff grabbed the victim's neck with his arm and choked her to the point that she could not breathe and thought he would break her neck. This was sufficient for the jury to find Huff guilty of aggravated assault by strangulation. See *Maxwell v. State*, 348 Ga. App. 870, 871-872, 873 (1) (825 SE2d 420) (2019) (testimony that the defendant had the victim in a choke hold and appeared to be applying pressure to the neck of the victim, who "was in complete distress," was sufficient to support a conviction for aggravated assault by strangulation) (punctuation omitted); see also generally *Sutton v. State*, 354 Ga. App. 399, 401 (1) (841 SE2d 2) (2020) (evidence that the defendant put his hands around the victim's neck, impeding her ability to breathe, causing her to lose consciousness, and leaving abrasions on her neck, was sufficient for the jury to find the defendant guilty of aggravated assault by strangulation). We therefore affirm Huff's conviction for Count 1.

*Judgment affirmed. Rickman, C. J., and McFadden, P. J., concur.*