62512. SHAFER v. CROCKETT.

SHULMAN, Presiding Judge.

In May 1977, while incarcerated in the United States Penitentiary in Atlanta after having been represented by appellant in a criminal appeal, appellee executed a promissory note for $20,000 in

favor of appellant. The note was due "not later than one calendar year after completing present prison sentence." On March 16, 1979, appellee was released from the penitentiary and placed on parole for two years. Appellant brought suit against appellee on the note in January 1981. Ruling that appellant's suit was premature since the contractual due date had not yet arrived, the trial court granted appellee's motion for a directed verdict. This appeal stems from that ruling. The sole issue to be determined is whether the phrase "prison sentence" encompasses the time a convicted criminal defendant spends on parole. We hold that it does and affirm the ruling of the trial court.

"A parole is a conditional release, condition being that if [the] prisoner makes good, he will receive an absolute discharge from the balance of his sentence, but if he does not, he will be returned to serve the unexpired time." 23 EGL 236, Pardon, Parole and Probation, § 2. "While the parolee is out of prison under the parole, he is still serving his sentence." Jenkins v. Madigan, 211 F2d 904, 906 (7th Cir. 1954). Both state and federal statutory law expressly provide that a parolee remain in the legal custody of the Parole Board or the Attorney General until the expiration of the maximum term for which the parolee was sentenced. Code Ann. § 77-515; 18 USC § 4210 (a). Thus, as a matter of law, a prison sentence is not completed when a convict is released from confinement in the penitentiary and placed on parole. The trial court did not err when it ruled that appellant's suit on the note was premature.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED NOVEMBER 18, 1981.

*J. Converse Bright,* for appellant.
*George M. Saliba,* for appellee.