*James M. Wootan,* for appellee.

## 68114. SMITH v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant, Grady Smith, appeals from the revocation of his probated sentence to confinement. On March 10, 1982, in Fulton Superior Court, Smith pled guilty to a violation of the Georgia Controlled Substances Act and was sentenced to three years confinement and a fine of $600. The confinement was probated upon payment of the fine. On August 23, 1983, defendant entered a plea of nolo contendere to a violation of the Georgia Controlled Substances Act and received a sentence of 12 months, probated, and a fine of $250. Thereafter, on August 31, 1983, the court convened a probation revocation hearing on the 1982 conviction. The State called and swore its first witness, Smith's probation officer. The Assistant District Attorney apparently attempted to introduce evidence that Smith had entered a plea of nolo contendere in the second trial. The court refused to accept it (see OCGA § 17-7-95 (c)) and asked the Assistant District Attorney about "getting the necessary witnesses subpoenaed to appear in court . . ." A date was agreed upon and defendant was notified to "reappear September 16, 1983, at 9:00 o'clock a.m., and the hearing was recessed." No objection was voiced by defendant's counsel. Fifteen days later, the court announced: "I call for hearing the continuation of the hearing of the petition for revocation in the matter of the State versus Grady Lamar Smith." The defendant had filed a "Plea in Bar . . . Because of Attachment of Double Jeopardy." Counsel argued that defendant had been before the court on August 31st for a determination of whether his probation should be revoked, and after both sides had announced ready, the State swore a witness and introduced testimony. He contended jeopardy attached at the first hearing and "some two weeks later, a case that was heard and was announced ready to [sic] two weeks ago is being sought to be presented against him again. And he shall again run a gambit [sic] of being in danger of losing his liberty." The court denied the plea in bar, and after hearing the State's witnesses, revoked Smith's probation. Smith brings this appeal. *Held*:

Defendant has filed five enumerations of error, but on appeal argues only that "[t]he sole issue to be decided in this case is whether the double jeopardy clause of the Georgia Constitution and the Constitution of the United States is applicable to multiple probation revocation proceedings." We shall answer only the present issue which is argued in the brief.

The Fifth Amendment to the U. S. Constitution provides, inter alia: " . . . nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . ." Our Georgia Constitution states: "No person shall be put in jeopardy of life or liberty more than once for the same offense except when a new trial has been granted after conviction or in case of mistrial." Art. I, Sec. I, Par. XVIII. The Fifth Amendment of the U. S. Constitution is made applicable to the States through the Due Process Clause of the Fourteenth Amendment. Benton v. Maryland, 395 U. S. 784 (89 SC 2056, 23 LE2d 707). "[T]he Double Jeopardy Clause provides three related protections: 'It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.' " United States v. Wilson, 420 U. S. 332 (95 SC 1013, 43 LE2d 232).

Here the prosecutor instituted a probation revocation proceeding and had insufficient evidence to prove his allegation. The court recessed the proceedings for two weeks and when they reconvened the State presented its witnesses and secured a revocation of defendant's probation. As a general rule, under double jeopardy principles, the prosecutor is entitled to one, and only one, opportunity to require an accused to stand trial. Arizona v. Washington, 434 U. S. 497 (98 SC 824, 54 LE2d 717). And, when a prosecutor begins a case without sufficient evidence to convict, and the court grants mistrial over the defendant's objection, a defendant's plea of former jeopardy should be sustained. Downum v. United States, 372 U. S. 734 (83 SC 1033, 10 LE2d 100). "The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." Burks v. United States, 437 U. S. 1, 11 (98 SC 2141, 57 LE2d 1). However, this brings us to the basic issue. Is a probation revocation proceeding a criminal trial? "The threshold question to be addressed in any case involving double jeopardy is whether jeopardy has attached to defendant during the proceedings which he contends preclude further prosecution." *Haynes v. State*, 245 Ga. 817, 818 (268 SE2d 325).

The U. S. Supreme Court, in Morrissey v. Brewer, 408 U. S. 471 (92 SC 2593, 33 LE2d 484), held that " . . . the *revocation of parole is not part of a criminal prosecution* and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations . . . Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions." (Emphasis supplied.) 408 U. S. at 480. Hence, the Court stressed that a parole revocation proceeding is not part of a criminal trial, and since the accused had already had his trial and received his

sentence to confinement, he is at liberty only upon observance of the conditions of his parole and a parole revocation hearing was for determination only of the issue of whether he had breached those conditions which permitted him to be at liberty. Accordingly, since this was not a trial, but only a determination of whether an agreement was breached, the Supreme Court has held a parolee is not entitled to the "full panoply of rights due a defendant." In determining whether the requirements of "due process" of the Fourteenth Amendment applied to parole revocations, the court found that "the State has an overwhelming interest in being able to return the individual to imprisonment without the burden of a new adversary criminal trial if in fact he has failed to abide by the conditions of his parole." 408 U. S. at 483. Thus, the Supreme Court found there was no necessity of a new criminal trial. They also found that the procedural process due a parolee was a "preliminary hearing" before an impartial individual, who need not be a judicial officer, for a determination of whether there was probable cause to believe the parolee had violated any condition of his parole. 408 U. S. at 485. Thereafter, a "revocation hearing" could be held before "a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers . . ." 408 U. S. at 489. The Court stated: "We emphasize there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense. It is a narrow inquiry . . . flexible enough to consider evidence . . . and other material that would not be admissible in an adversary criminal trial." 408 U. S. at 489. Thereafter, in Gagnon v. Scarpelli, 411 U. S. 778 (93 SC 1756, 36 LE2d 656), the Court held that there was no relevant difference between a probation or parole revocation. *Probation revocation*, like parole revocation, *is not a stage of a criminal prosecution*, but does result in a loss of liberty. Accordingly, we hold that a probationer, like a parolee, is entitled to a preliminary and a final revocation hearing, under the conditions specified in Morrissey . . ." (Emphasis supplied.) 411 U. S. at 782.

The Supreme Court has thus found that a probation revocation proceeding is not a "criminal prosecution" but is like a "hearing" or a "preliminary hearing" for a determination of whether the probationer breached the conditions of his parole which granted him only a conditioned liberty which was not the same type of absolute liberty to which all citizens are entitled. If the probation is revoked, the imprisonment is not imposition of confinement but revocation of his conditional liberty permitted by his probation. Morrissey v. Brewer, 408 U. S. 471, 480. In this connection, with reference to the inference to a "second punishment," the trial court relied upon United States v. DiFrancesco, 449 U. S. 117, 137 (101 SC 426, 66 LE2d 328) for holding that double jeopardy did not apply to probation revocation pro-

ceedings. DiFrancesco made only the cryptic statement: "Thus, there is no double jeopardy protection against revocation of probation and the imposition of imprisonment." They cited Thomas v. United States, 327 F2d 795 (10th Cir. 1964) with approval for this statement. Thomas was a case in which the defendant had been sentenced to confinement for five years. He was placed on probation after six months. After 19 and ½ months on probation it was revoked. He was returned to prison with a sentence of 4 and ½ years to serve. He contended he had twice been placed in jeopardy since he was sentenced a second time for the same offense. The court held that ". . . sentencing on revocation of probation does not place the defendant in double jeopardy." DiFrancesco merely affirmed this holding. Hence, as we do not have that issue, but another involving a recessed revocation hearing until additional evidence was offered, DiFrancesco is inapposite.

The Supreme Court held, in United States v. Wilson, 420 U. S. 332, supra, that the double jeopardy clause of the Fifth Amendment is not offended where there is no threat of either multiple punishment or successive prosecutions. We have neither in the instant case. The second hearing was nothing more than a continuation of the first recessed hearing. And, in Morrissey and Gagnon, the Court equated probation and parole revocation proceedings to a "hearing" or a "preliminary hearing." In Collins v. Loisel, 262 U. S. 426, 429 (43 SC 618, 67 LE 1062), the Court held that jeopardy did not attach to a preliminary hearing of a person arrested and discharged by a magistrate for lack of sufficient evidence. Such discharge was not an acquittal and the individual could be arrested at a later date on the same charge and additional evidence presented to hold him. They also found that even indictment, arraignment, and eventual dismissal by the prosecutor before trial on the ground of insufficient evidence did not constitute jeopardy. 262 U. S. at 429. Thus, it is clear that an attempt to indict a suspect before a grand jury does not invoke jeopardy even when a "no bill" is returned for lack of sufficient evidence. The district attorney may attempt to indict the same suspect again and again without a subsequent trial being subject to an objection on the ground of double jeopardy. In Collins, the Court also held that a double jeopardy objection would not prevent commitment of a person for extradition, after being discharged prior to that time by a magistrate at an earlier extradition hearing, even where the evidence was identical in form and substance. Collins v. Loisel, 262 U. S. 426 (1), supra.

In summary, a probation revocation hearing is similar to a preliminary hearing, and jeopardy does not attach at a preliminary hearing. A probation hearing is not a part of the criminal prosecution and is not a second sentencing, or second imposition of punishment for

the same offense. As jeopardy did not attach at the first hearing, even though it was recessed for lack of sufficient evidence, the second hearing is not subject to an objection on the ground of double jeopardy.

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED JUNE 21, 1984.

*Roman A. DeVille*, for appellant.

*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, Carole E. Wall*, Assistant District Attorneys, for appellee.