### A94A0157. PERRY v. THE STATE.
(444 SE2d 150)

COOPER, Judge.

This appeal follows our grant of defendant's application seeking discretionary review of the trial court's order revoking his probation.

During a search of defendant's home in July 1992, defendant was found to be in possession of illegal drugs as well as $623 worth of food stamps. At that time, defendant was on probation for previous convictions of aggravated assault, carrying a pistol without a license and carrying a concealed weapon. In August 1992, the State filed a civil forfeiture action condemning the food stamps and a petition to revoke defendant's probation pursuant to OCGA § 16-13-49. This petition alleged that defendant violated his probation by committing the offense of possession of cocaine with intent to distribute and possession of marijuana. The petition did not make any allegations regarding the illegally obtained food stamps.

In September 1992, a hearing was held on the State's petition to revoke defendant's probation, and defendant was found, by his own admission, to be in violation of his probation. Accordingly, five years of defendant's probation was revoked.

In April 1993, defendant was tried on charges related to the drugs found during the July 1992 search, and defendant was convicted of misdemeanor possession of marijuana and possession of cocaine. Defendant admitted at trial that he was fraudulently in possession of the food stamps seized in his apartment. The trial judge, upset about defendant's admissions and conduct at trial, requested that the State pursue charges against defendant related to the food stamps. Consequently, a second petition for probation revocation was brought, this time alleging that defendant violated his probation by illegally obtaining food stamps. Following the hearing in June 1993, the remainder of defendant's probation was revoked.

Defendant argues that the trial court erred by permitting defendant to be prosecuted in successive actions for probation revocation based on violations which were part of the same conduct occurring on the same day, both of which were known to the district attorney at the time of the initial probation revocation.

OCGA § 16-1-7 proscribes successive criminal prosecutions for the same conduct. OCGA § 16-1-7 (b) provides "[i]f the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution. . . ." This Code section "constitute[s] Georgia's statutory bar to successive prosecutions, the procedural aspect of double jeopardy. [Cit.]" *Mann v. State*, 160 Ga. App. 527, 528 (287 SE2d 325) (1981).

However, "[t]he Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be. [There have been] established many types of criminal sanctions under which the defendant is unaware of the precise extent of his punishment for significant periods of time, or even for life, yet these sanctions have not been considered to be violative of the Clause. Thus, there is no double jeopardy protection against revocation of probation and the imposition of imprisonment." *United States v. DiFrancesco*, 449 U. S. 117, 137 (101 SC 426, 66 LE2d 328) (1980). "Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions." *Morrissey v. Brewer*, 408 U. S. 471, 480 (92 SC 2593, 33 LE2d 484) (1972). Therefore, "[i]f the probation is revoked, the imprisonment is not imposition of confinement but revocation of his conditional liberty permitted by his probation." (Citations and punctuation omitted.) *In the Interest of B. N. D.*, 185 Ga. App. 906, 907 (366 SE2d 187) (1988).

Thus, it has become well-settled in this state as well as in the federal courts, that a proceeding to revoke a probated sentence is not a criminal proceeding, and there is no double jeopardy protection against revocation of probation and the imposition of imprisonment. *Smith v. State*, 171 Ga. App. 279 (319 SE2d 113) (1984). See also *Johnson v. State*, 240 Ga. 526 (242 SE2d 53) (1978); *Teague v. State*, 169 Ga. App. 285 (1) (312 SE2d 818) (1983). Accordingly, we are unable to conclude that the trial court erred by permitting defendant to be prosecuted in successive actions for probation revocation based on violations which were part of the same conduct. "As jeopardy did not attach at the first hearing . . . the second hearing is not subject to an objection on the ground of double jeopardy." *Smith v. State*, supra at 283.

Based upon this holding, we need not address the issue of whether the district attorney had knowledge about defendant's food stamp offenses at the time of the initial probation revocation hearing. We also need not address defendant's argument that the trial court exceeded its authority in revoking the balance of defendant's proba-

tion in violation of OCGA § 42-8-34.1 (c). "Such claim may not be considered because enumerations may not be enlarged by brief on appeal to cover issues not contained in the original enumeration." (Citations and punctuation omitted.) *Tibbs v. State*, 207 Ga. App. 273, 275 (5) (427 SE2d 603) (1993).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MAY 12, 1994.

*J. Ellis Millsaps*, for appellant.

*Alan A. Cook*, District Attorney, *Jefferson B. Blandford, Anne M. Templeton*, Assistant District Attorneys, for appellee.