## S00A1487. WILLIAMS v. LAWRENCE.
### (540 SE2d 599)

CARLEY, Justice.

This Court previously reversed a murder conviction of Charles Lawrence, Sr. *Lawrence v. State*, 257 Ga. 423 (360 SE2d 716) (1987). On remand, Lawrence pled guilty to voluntary manslaughter and the trial court imposed a 20-year sentence. The Board of Pardons and Paroles (Board) granted parole in 1988. Subsequently, revocation

---

May 10, 2000; and the appeal was docketed in this Court on May 18, 2000, and submitted for decision on the briefs.

proceedings were instituted and the Board held a hearing in 1996. In order to establish that Lawrence committed aggravated assault, his parole officer recounted conversations with Lawrence's wife and daughter and a police officer. The Board revoked Lawrence's parole based upon its findings that he committed aggravated assault against his wife and daughter, absconded from parole supervision, and failed to pay his victim's compensation fee. Lawrence then petitioned for habeas corpus on several grounds. The habeas court granted the writ and vacated the revocation of parole only on the ground that the use of the parole officer's hearsay testimony at the parole revocation hearing violated Lawrence's right to confront and cross-examine adverse witnesses. The Warden appeals pursuant to OCGA § 9-14-52 (c).

The habeas court was authorized to grant relief only if the admission of hearsay at Lawrence's parole revocation was a substantial denial of his constitutional rights. *Johnson v. Griffin*, 271 Ga. 663 (522 SE2d 657) (1999). The Confrontation Clause of the Sixth Amendment is applicable to the states through the Fourteenth Amendment. *Ohio v. Roberts*, 448 U. S. 56, 62 (II) (A) (100 SC 2531, 65 LE2d 597) (1980). Although that constitutional provision and the hearsay rule protect "similar values," they do not overlap completely. *California v. Green,* 399 U. S. 149, 155 (II) (90 SC 1930, 26 LE2d 489) (1970). "The hearsay-evidence rule, with all its subtleties, anomalies and ramifications, will not be read into the Fourteenth Amendment. [Cit.]" *Stein v. New York*, 346 U. S. 156, 196 (VI) (73 SC 1077, 97 LE2d 1522) (1953), overruled on other grounds, *Jackson v. Denno*, 378 U. S. 368, 390 (III) (84 SC 1774, 12 LE2d 908) (1964). "[M]erely because evidence is admitted in violation of a long-established hearsay rule does not lead to the automatic conclusion that confrontation rights have been denied." *California v. Green*, supra at 156 (II).

The appellate courts of Georgia have not addressed the issue of admissibility of hearsay evidence in the context of *parole* revocation hearings, although they have held that hearsay is inadmissible and of no probative value in *probation* revocation hearings. *Overby v. State*, 237 Ga. App. 730, 732 (2) (516 SE2d 585) (1999); *Goodson v. State*, 213 Ga. App. 283, 284 (444 SE2d 603) (1994); *Barnett v. State*, 194 Ga. App. 892, 893 (392 SE2d 322) (1990). See also *Farmer v. State*, 266 Ga. 869 (472 SE2d 70) (1996). However, the two proceedings have "different and distinct bases." *Meredith v. Raines*, 640 P2d 175, 176 (Ariz. 1982). Revocation of probation is a judicial matter, as a person under probation is still under the jurisdiction of the sentencing court and subject to the terms and conditions set down by the court. OCGA §§ 42-8-34 (g), 42-8-35. See also *Meredith v. Raines*, supra at 176. Revocation of parole, on the other hand, is administrative in character. OCGA §§ 42-9-1, 42-9-50, 42-9-51; *Davis v. Cald-*

*well*, 229 Ga. 605, 606 (193 SE2d 617) (1972). See also *Meredith v. Raines*, supra at 176. " 'A parole is a conditional release, condition being that if (the) prisoner makes good, he will receive an absolute discharge from the balance of his sentence, but if he does not, he will be returned to serve the unexpired time.' [Cit.]" *Shafer v. Crockett*, 160 Ga. App. 419, 420 (287 SE2d 358) (1981).

> Parole is a "variation on imprisonment of convicted criminals," [cit.], in which the State accords a limited degree of freedom in return for the parolee's assurance that he will comply with the often strict terms and conditions of his release. In most cases, the State is willing to extend parole only because it is able to condition it upon compliance with certain requirements. The State thus has an "overwhelming interest" in ensuring that a parolee complies with those requirements and is returned to prison if he fails to do so. [Cit.] The exclusion of evidence establishing a parole violation, however, hampers the State's ability to ensure compliance with these conditions by permitting the parolee to avoid the consequences of his noncompliance. The costs of allowing a parolee to avoid the consequences of his violation are compounded by the fact that parolees (particularly those who have already committed parole violations) are more likely to commit future criminal offenses than are average citizens. [Cit.] Indeed, this is the very premise behind the system of close parole supervision. [Cit.]

*Pennsylvania Bd. of Probation v. Scott*, 524 U. S. 357, 365 (II) (118 SC 2014, 141 LE2d 344) (1998) (holding that parole boards do not have to exclude evidence obtained in violation of the Fourth Amendment). Strict application of the hearsay rule, as developed by statutes and judicial decisions, is, like the exclusionary rule, "incompatible with the traditionally flexible, administrative procedures of parole revocation." *Pennsylvania Bd. of Probation v. Scott*, supra at 365 (II). "[T]raditional rules of evidence generally do not apply. [Cit.] Nor are these proceedings entirely adversarial, as they are designed to be ' "predictive and discretionary" as well as factfinding.' [Cit.]" *Pennsylvania Bd. of Probation v. Scott*, supra at 366 (II). The purpose of parole revocation proceedings is "to promote the best interests of both parolees and society," and we do not desire to transform them into "trial-like proceedings 'less attuned' to the interests of the parolee. [Cit.]" *Pennsylvania Bd. of Probation v. Scott*, supra at 367 (II). Such a transformation might well work to the disadvantage of parolees. *Pennsylvania Bd. of Probation v. Scott*, supra at 367 (II). "[R]evocation of parole is not part of a criminal prosecution and thus

the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations. [Cit.]" *Morrissey v. Brewer*, 408 U. S. 471, 480 (II) (92 SC 2593, 33 LE2d 484) (1972). The final parole revocation hearing "is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." *Morrissey v. Brewer*, supra at 489 (III) (b). Therefore, we conclude that "[t]he Parole Board may admit hearsay. [Cit.]" *State ex rel. Coulverson v. Ohio Adult Parole Auth.*, 577 NE2d 352, 355 (Ohio 1991). See also *People v. White*, 804 P2d 247, 249 (I) (B) (Colo. App. 1990). Furthermore, hearsay evidence which the Board admits, like that which is admissible because it comes within an exception to the hearsay rule, is *not* subject to the general principle in Georgia that hearsay evidence has no probative value even if admitted without objection. See *Ellis v. O'Neal*, 175 Ga. 652, 658 (3) (165 SE 751) (1932); *Handley v. Limbaugh*, 224 Ga. 408, 413 (4) (a) (162 SE2d 400) (1968); *Parker v. State*, 162 Ga. App. 271, 273 (5) (290 SE2d 518) (1982).

Although the habeas court referred to the "constitutional right to confront and cross-examine adverse witnesses," Lawrence clearly has no Sixth Amendment right of confrontation. The same minimum constitutional *due process* requirements apply in both probation and parole revocation hearings. *Gagnon v. Scarpelli*, 411 U. S. 778 (93 SC 1756, 36 LE2d 656) (1973); *State v. Brinson*, 248 Ga. 380 (1) (283 SE2d 463) (1981); *Smith v. State*, 171 Ga. App. 279, 281 (319 SE2d 113) (1984).

> As *Morrissey* and *Gagnon* make clear, the due process right to confrontation at a parole revocation hearing is less stringent than the Sixth Amendment's confrontation guarantee in a criminal trial. Evidence that would violate the Sixth Amendment or would be inadmissible hearsay if presented at a criminal trial may, in proper circumstances, be considered at a parole or probation revocation hearing without violating the due process right to confrontation.

*State of Missouri ex rel. Mack v. Purkett*, 825 SW2d 851, 855 (Mo. 1992). With regard to Lawrence's due process rights, the record shows that, prior to the final revocation hearing, the parole officer gave him written notice of his rights, including the right to confront and cross-examine adverse witnesses. When the hearing officer stated that he wanted to hear from Lawrence's wife and daughter, the parole officer responded that he could not find them. At no time did Lawrence invoke the right to confront or cross-examine, nor did he object to the parole officer's testimony on hearsay or other

grounds. Some specific objection or invocation of the due process right of confrontation was necessary in order to trigger consideration of the secondary issue of whether there was good cause for not allowing the confrontation, which usually requires examination of both the reasons for the State's failure to produce the declarant and the reliability of the hearsay evidence. *Watker v. Vermont Parole Board*, 596 A2d 1277, 1281 (II) (Vt. 1991); 5 LaFave, Israel & King, Criminal Procedure, § 26.10 (c), p. 856 (1999). Under the circumstances in this case, there is no violation of the due process right of confrontation. *Kell v. United States Parole Comm.*, 26 F3d 1016, 1019-1020 (I) (10th Cir. 1994); *In the Matter of Westcott v. New York State Board of Parole*, 682 NYS2d 499 (N.Y. App. Div. 1998); *Watker v. Vermont Parole Board*, supra at 1281 (II).

Moreover, the Board based its revocation on the violations of three separate conditions. Although, as above discussed, the Warden introduced hearsay evidence to prove that Lawrence committed aggravated assault, nonhearsay evidence supported the remaining two grounds for revocation of his parole. In a similar situation, the Court of Appeals assumed that a revocation of probation was erroneously based in part upon the violation of a criminal statute, but upheld the trial court's judgment because it rested alternatively upon the independent determination that the defendant had violated yet another condition of his probation, the payment of a fine. *Simmons v. State*, 156 Ga. App. 336, 337 (1) (274 SE2d 726) (1980). See also *Holbrook v. State*, 162 Ga. App. 400, 402 (2) (291 SE2d 729) (1982) (one violation of probation by commission of criminal offense was based on nonprobative hearsay, but there was sufficient evidence of another offense); *Bearden v. State*, 161 Ga. App. 640 (1) (288 SE2d 662) (1982) (following *Simmons*), rev'd on other grounds, 461 U. S. 660 (103 SC 2064, 76 LE2d 221) (1983); *Clackler v. State*, 130 Ga. App. 738, 739-740 (3) (204 SE2d 472) (1974). Compare *Goodson v. State*, supra at 284 (alternative ground not set forth in petition for revocation nor, apparently, in the trial court's order); *Radcliff v. State*, 134 Ga. App. 244 (214 SE2d 179) (1975) (alternative ground not set forth in petition). Therefore, we conclude that, in addition to Lawrence's complete failure to invoke his due process right of confrontation with respect to the allegation of aggravated assault, the Board's finding of two other parole violations requires reversal of the judgment of the habeas court.

*Judgment reversed. All the Justices concur, except Benham, C. J., who dissents.*

DECIDED JANUARY 8, 2001.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior*

*Assistant Attorney General, Wylencia H. Monroe, W. Swain Wood, Assistant Attorneys General*, for appellant.

Charles Lawrence, *pro se.*