A07A2220. WARE v. THE STATE.
(658 SE2d 441)

ADAMS, Judge.

We granted Donna Marie Ware's application for discretionary appeal after her probation was revoked for committing the offense of aggravated assault.[1] She appeals, contending that hearsay evidence was erroneously admitted during the revocation hearing and that the evidence was insufficient to support the revocation.

The transcript of the revocation hearing shows that Ware's husband, the victim in this case, asserted his marital privilege and refused to testify. The only witness who testified was Officer Kevin Daniel Montgomery of the Rockmart Police Department. Montgomery testified that he was dispatched to the victim's mother's house on March 3, 2007 where he met the victim. Over hearsay objections and after the State argued that the right to confrontation had been met because the victim refused to take the stand and testify, Montgomery was allowed to testify that the victim told him that he had been at home and that his wife came in from being at a crack house and questioned him about being with another woman, which he denied. Montgomery testified the victim stated that he and his wife began to argue, that the argument became physical in nature, and that his wife grabbed a box cutter out of her pocket and "using the non-working end, in a stabbing motion," hit him on the right side of his face at his nose causing a small cut on the outside of his face and injuring the inside of his mouth.

Montgomery further testified that he left the victim's mother's house and went to Ware's residence, where he found Ware partially clothed and in bed. Montgomery testified that Ware volunteered that

---

[1] Ware had previously been sentenced to ten years probation for committing the offense of aggravated battery. She had approximately nine years remaining on her sentence when her probation was revoked.

she had been asleep and had not been fighting with her husband, that she did not know how he got the cuts on his face and that he must have been fighting with someone else. A box cutter was found in the top drawer of a dresser in the bedroom where the victim told the officers that he had seen Ware place it.

Following the hearing, both Ware and the State filed briefs concerning the issue of the admissibility of the officer's testimony concerning the victim's statement to him. In her post-hearing brief and in her brief to this Court, Ware argues the victim's statement to police was inadmissible under *Crawford v. Washington*, 541 U. S. 36, 68-69 (V) (C) (124 SC 1354, 158 LE2d 177) (2004),[2] and *Daniels v. State*, 280 Ga. 349 (628 SE2d 110) (2006). The State argues, inter alia, that *Crawford* is inapplicable to probation revocation proceedings and urges that the statement was admissible under both the necessity exception to the bar against hearsay testimony and as part of the res gestae.

Citing our Supreme Court's decision in *Williams v. Lawrence*, 273 Ga. 295, 296 (540 SE2d 599) (2001), the trial court held that *Crawford* and *Daniels* are inapplicable to probation revocation proceedings, and it found the testimony admissible as part of the res gestae, noting additionally in a footnote that the State's argument that the testimony was admissible under the necessity exception also had "merit."[3]

> [T]he United States Supreme Court has recognized the distinction between revocation proceedings and criminal prosecutions and has declined to attach to revocation proceedings "the full panoply of procedural safeguards associated with a criminal trial." *Black v. Romano*, 471 U. S. 606, 613 (105 SC 2254, 85 LE2d 636) (1985).

*Meadows v. Settles*, 274 Ga. 858, 859 (2) (561 SE2d 105) (2002). And a probationer has only "an attenuated confrontation right." Id. See also *Perry v. State*, 213 Ga. App. 220, 221 (444 SE2d 150) (1994), and

---

[2] That case holds that
> the admission of out-of-court statements that are testimonial in nature violates the Confrontation Clause unless the declarant is unavailable and the defendant had a prior opportunity for cross-examination. When the statement at issue is non-testimonial in nature, however, the State's normal rules regarding the admission of hearsay apply.

(Footnotes omitted.) *Pitts v. State*, 280 Ga. 288 (627 SE2d 17) (2006).

[3] Before finding the testimony to be admissible, the trial court noted that hearsay is generally inadmissible in a probation revocation hearing.

cites. Thus, as stated in *Williams v. Lawrence*, a case involving a parole revocation proceeding,[4] our Supreme Court held:

> Although the habeas court referred to the "constitutional right to confront and cross-examine adverse witnesses," [appellant] clearly has no Sixth Amendment right of confrontation. The same minimum constitutional *due process* requirements apply in both probation and parole revocation hearings. *Gagnon v. Scarpelli*, 411 U. S. 778 (93 SC 1756, 36 LE2d 656) (1973); *State v. Brinson*, 248 Ga. 380 (1) (283 SE2d 463) (1981); *Smith v. State*, 171 Ga. App. 279, 281 (319 SE2d 113) (1984). As *Morrissey*[, 408 U. S. 471 (92 SC 2593, 33 LE2d 484) (1972),] and *Gagnon* make clear, the due process right to confrontation at a parole revocation hearing is less stringent than the Sixth Amendment's confrontation guarantee in a criminal trial. Evidence that would violate the Sixth Amendment or would be inadmissible hearsay if presented at a criminal trial may, *in proper circumstances*, be considered at a parole or probation revocation hearing without violating the due process right to confrontation. *State of Missouri ex rel. Mack v. Purkett*, 825 SW2d 851, 855 (Mo. 1992).

(Emphasis supplied.) *Williams*, 273 Ga. at 298.

Based on the foregoing, we agree with the trial court that the Confrontation Clause did not require the exclusion of the testimony at issue. However, we do not believe that the trial court went far enough in considering whether the evidence was in fact admissible. Although the due process right to confrontation at a probation or parole revocation hearing may be "less stringent than the Sixth Amendment's confrontation guarantee" the " 'minimum requirements of due process' include . . . the right to confront and cross-examine adverse witnesses (*unless the hearing officer specifically finds good cause for not allowing the confrontation*)." (Emphasis supplied.) *Gagnon v. Scarpelli*, 411 U. S. at 786, citing *Morrissey v. Brewer*, 408 U. S. at 489.

Thus, in *Williams v. Lawrence*, "with regard to Lawrence's due process rights," our Supreme Court went on to consider that Lawrence had been given written notice of his rights, including the right to confront and cross-examine adverse witnesses, and that he did not

---

[4] Although *Williams* recognizes a distinction between parole and probation revocation proceedings as to the consideration of certain issues, the language quoted here appears on its face to be equally applicable to both.

invoke his confrontation rights or object to the parole officer's testimony concerning statements made by Lawrence's wife and daughter on hearsay or other grounds. Finding that some specific objection or invocation of the due process right of confrontation was necessary in order to trigger consideration of the secondary issue of whether there was good cause for not allowing the confrontation,[5] the Court held there was no violation of the due process right of confrontation under the circumstances of that case. Id. at 299.

In this case, Ware was represented by an attorney at the hearing and raised hearsay objections at the hearing and confrontation clause issues in her post-hearing brief. Thus, the trial court also should have considered the secondary issue of whether there was good cause for not allowing the confrontation and ensured that Ware had been afforded the minimum protections of due process outlined above. Although in some instances it might be necessary to remand this case for the trial court to make this determination, we find remand to be unnecessary here. We reach this conclusion because, even resolving all evidentiary issues in the State's favor and applying the preponderance of the evidence standard applicable to revocation proceedings, we find the evidence presented at the hearing was insufficient to show that Ware committed the new offense of aggravated assault.[6]

OCGA § 16-5-21 (a) provides in relevant part:

A person commits the offense of aggravated assault when he or she assaults: (1) With intent to murder, to rape, or to rob; [or] (2) With a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury.

The Supreme Court of Georgia has interpreted this statute as having two essential elements: (1) an attempt to commit a violent injury, or an act that places another in reasonable apprehension thereof, *and*, (2) that the assault was aggravated by either (a) an intention to murder, rape or rob, or (b) the use of a deadly weapon.

(Footnote omitted.) *Fleming v. State*, 276 Ga. App. 491, 493 (1) (623 SE2d 696) (2005).

---

[5] The Court noted consideration of this issue usually requires examination of both the reasons for the State's failure to produce the declarant and the reliability of the hearsay evidence.

[6] We thus also find it unnecessary to consider whether the trial court correctly admitted the evidence as part of the res gestae or under the necessity exception.

"The term offensive weapon . . . includes not only weapons which are offensive per se (such as firearms loaded with live ammunition), but also other instrumentalities not normally considered to be offensive weapons per se which may be found by a jury to be likely to produce death or great bodily injury depending on the manner and means of their use. An offensive weapon is a weapon primarily meant and adapted for attack and infliction of injury, but practically the term includes anything that would come within the description of a deadly or dangerous weapon."

(Citation omitted.) *Livery v. State*, 233 Ga. App. 882, 884 (1) (506 SE2d 165) (1998).

In a case where the defendant assaults the victim with a[n] . . . object which is not per se a deadly weapon, the jury may nevertheless find the object to be an instrument that is likely to result in serious bodily injury "depending on the manner and means of (the object's) use, the wounds inflicted" and other evidence of the capabilities of the instrument.

(Citation omitted.) *Ellison v. State*, 288 Ga. App. 404, 405 (654 SE2d 223) (2007). "For objects not considered deadly weapons per se, the State has the burden of showing that the circumstances under which the object was used made it a deadly weapon. [Cit.]" *In the Interest of T. W.*, 280 Ga. App. 693 (634 SE2d 854) (2006).

Considering the evidence concerning the manner in which Ware used the box cutter and the wounds she inflicted with it, the State did not meet its burden of showing that the box cutter was a deadly weapon in this case. At most, the State has shown that Ware hit her husband once with the "non-business end" of a box cutter and inflicted a minor cut to his face and an injury to the inside of his mouth; there is no evidence that the blade or knife of the box cutter was ever exposed or that Ware ever threatened her husband with an exposed blade. Although the conduct here was certainly criminal, we agree with Ware that the evidence adduced at the hearing, hearsay or otherwise, was insufficient under the preponderance of the evidence standard applicable to probation revocation proceedings to show she committed the new offense of aggravated assault. See *Overby v. State*, 237 Ga. App. 730, 731 (1) (516 SE2d 585) (1999).

*Judgment reversed. Andrews, P. J., concurs. Ellington, J., concurs in the judgment only.*

DECIDED FEBRUARY 29, 2008.

David L. Smith, for appellant.
Donald N. Wilson, District Attorney, Charles D. Gafnea, Assistant District Attorney, for appellee.