**WHOLE COURT**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**June 28, 2012**

# In the Court of Appeals of Georgia

A12A0710. GUNTER v. THE STATE.

ADAMS, Judge.

Sheila Lashunn Gunter appeals her conviction of aggravated assault and terroristic threats. She contends the evidence was insufficient to sustain the conviction of aggravated assault, that the court erred by failing to charge the jury on a lesser included offense, and that her counsel was ineffective.

On appeal, we do not assess the weight of the evidence or the credibility of witnesses. Instead, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 310 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

Construed in favor of the verdict, the evidence shows that Agatha Dadzie finished her overnight shift at Walmart, walked to her car in the parking lot on a dark and drizzly morning, got into her car, and accidentally backed into a car being driven by Gunter. Dadzie exited her car and told Gunter they should call the police, but Gunter refused and an argument ensued. Gunter said, "No, if you call the police, I will kill you." Dadzie saw Gunter pull something black out of her purse, which she thought might be a gun. Gunter threatened Dadzie's life several more times, and Dadzie ran back inside the store screaming while Gunter chased her with one arm raised and the object in her hand. Gunter eventually appeared at the entrance to the store with something in her hand and said to Dadzie, "I'll get rid of you." Dadzie demonstrated for the jury how Gunter held the black object up at about head level. Dadzie identified State's Exhibit 1 as the object that was in Gunter's hand. It is a large knife and sheath. Pictures from a security camera video of the incident show Gunter carrying what appears to be a knife in a sheath. The video corroborated Dadzie's account of Gunter following her with an object in her hand and her arm raised.

Other witnesses corroborated that Gunter came into the entrance of the store appearing very angry and agitated, running toward Dadzie and screaming, with her

2

hand drawn back like she had an object in it. One witness testified that the object looked like a knife, she identified State's Exibit No. 1 as the knife, and she testified that Gunter was holding it up near her head when she came in the store. On cross-examination, she admitted that she may have only seen the knife sheath. After the police arrived and handcuffed Gunter, that same witness heard the defendant say, "Bitch, I'll be back for you." An officer testified that Gunter threatened his life, too.

The police arrived, and the officer who arrested Gunter testified that after speaking with Dadzie, he approached Gunter and asked her if she had a knife on her person or in her car, which Gunter denied. Gunter refused to obey the officer's request to stop walking back toward her car, and when she opened the door, the officer detained her and saw a long knife between the center console and the driver's seat; the knife was in its sheath. The knife and sheath were introduced as State's Exhibit No. 1.

1. Gunter was charged with committing assault with a deadly weapon "which, when used offensively against a person[,] is likely to or actually does result in serious bodily injury, by chasing said victim with the knife. . . ." See OCGA § 16-5-21 (a) (2). One form of assault occurs when a person "[c]ommits an act which places another

in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20.

Here, the evidence shows that Gunter threatened Dadzie in a way that put her in reasonable apprehension of immediately receiving a violent injury. She threatened Dadzie's life, pulled out a dark object that Dadzie thought was a gun, and chased Dadzie with the object held over her head in a threatening manner. Thus, she committed an assault. Further, the object proved to be a deadly weapon. Thus, she committed aggravated assault.

Gunter argues the evidence was insufficient to support the conviction of aggravated assault because there was no testimony that anyone saw the blade of the knife, suggesting that at all times that she was chasing the victim with the knife held up over her head, it was in the sheath. She relies on *Ware v. State*, 289 Ga. App. 860 (658 SE2d 441) (2008). Based on the facts of *Ware*, we held that there was insufficient evidence to show use of a deadly weapon where a woman "hit her husband once with the 'non-business end' of a box cutter and inflicted a minor cut to his face and an injury to the inside of his mouth" and where there was "no evidence that the blade or knife of the box cutter was ever exposed or that [the wife] ever threatened her husband with an exposed blade." But *Ware* is physical precedent only. See Court of Appeals Rule 33 (a). And second, that case addressed an object that is

4

not per se a deadly weapon. Id. at 864. And "[f]or objects not considered deadly weapons per se, the State has the burden of showing that the circumstances under which the object was used made it a deadly weapon. [Cit.]" *In the Interest of T. W.*, 280 Ga. App. 693 (634 SE2d 854) (2006). Here, the jury was authorized to conclude that the large knife held by Gunter, which itself was introduced into evidence, was a deadly weapon and that it could be easily removed from its sheath.

Gunter further argues there was no testimony of Gunter's proximity to the victim and therefore insufficient evidence that the threat of injury was imminent. But the facts show that Gunter pulled out the weapon and chased the victim with it. See generally *Davis v. State*, 184 Ga. App. 230, 231 (1) (361 SE2d 229) (1987) (question of whether victim was "out of striking range" of deadly weapon was for jury).

2. Gunter contends the trial court erred by failing to charge on the lesser-included offense of simple assault. At the charge conference, the court, the prosecutor, and defense counsel were all in agreement that a charge on simple assault should be given. But the court eventually instructed defense counsel to ask Gunter whether she wanted the charge or whether she was inclined to assert an all-or-nothing defense. Defense counsel objected to this procedure, but the court insisted. Defense counsel then consulted with Gunter and reported that she did not wish to have the

charge given on the lesser-included offense. Defense counsel told the court that his advice to her was that the charge should be given. The court did not give the charge. On appeal, Gunter, with new counsel, contends it was an abuse of discretion not to give the requested charge based solely upon her personal desire. At the new trial hearing, defense counsel admitted that after the court decided not to give the charge based on Gunter's decision, she acquiesced and did not further object.

Under these circumstances, appellate review of the court's decision not to give the charge has been waived. First, "absent a written request to charge, the failure to instruct the jury on a lesser included offense is not error." (Footnote omitted.) *Durrance v. State*, 250 Ga. App. 185, 187 (3) (549 SE2d 406) (2001). See also *Chancey v. State*, 258 Ga. App. 319, 320 (2) (b) (574 SE2d 383) (2002). Second, trial counsel admitted that she acquiesced and did not further object to the court's decision to not give the charge, which is reflected in the record where trial counsel stated that she had no objections following the charge to the jury. Thus, appellate review of the issue has been waived. See, e.g., *Watkins v. State*, 306 Ga. App. 769, 770 (2) (702 SE2d 904) (2010).

3. Finally, Gunter contends that trial counsel was ineffective by her failure to preserve the same issue for appeal.

> To prevail on her claim of ineffective assistance of trial counsel, appellant must show counsel's performance was deficient and that the deficient performance prejudiced her to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. [Cits.]

*Coggins v. State*, 275 Ga. 479, 481-482 (3) (569 SE2d 505) (2002).

We find no error. In connection with a claim of ineffective assistance of counsel, this court has held a defendant "cannot blame trial counsel for a decision he himself made over counsel's objection." *Alvarado v. State*, 271 Ga. App. 714, 719 (3) (610 SE2d 675) (2005). In *Alvarado*, the defendant waived a trial by jury over his attorney's advice that to do so would be unwise. Here, Gunter waived the charge of a lesser included offense over her attorney's advice. See also *Rose v. State*, 258 Ga. App. 232, 235 (2) (a) (573 SE2d 465) (2002) (not ineffective assistance where defendant decided to introduce prior drug conviction). Cf. *Gabler v. State*, 177 Ga. App. 3, 7 (2) (338 SE2d 469) (1985) (failure to object to bad character evidence not ineffective assistance where testimony was duplicative of testimony given by a witness who defendant insisted upon calling over his trial counsel's advice).

*Judgment affirmed. Barnes, P. J., Mikell, P. J., Doyle, P. J., Miller and Blackwell, JJ., concur. McFadden, J., concurs in part and dissents in part.*

7

A12A0710. GUNTER v. THE STATE.

McFADDEN, Judge, concurring in part and dissenting in part.

I agree that the evidence is sufficient to sustain the conviction. But when the trial court refused to respect trial counsel's authority to invoke Gunter's right to a charge on the lesser included offense and interfered with the attorney/client relationship, I think he committed harmful error. I therefore concur in Division 1 of the majority opinion, but respectfully dissent from Divisions 2 and 3.

1. As to the scope of a criminal defendant's right to control trial counsel's decisions, our Supreme Court has drawn a bright line.

> Certain decisions relating to the conduct of the case are ultimately for the
> accused and others are ultimately for defense counsel. The decisions which are
> to be made by the accused after full consultation with counsel are: (i) what plea

to enter; (ii) whether to waive jury trial; and (iii) whether to testify in his or her own behalf. (b) The decisions on what witnesses to call, whether and how to conduct cross-examinations, what jurors to accept or strike, what trial motions should be made, and *all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client.*

(Punctuation omitted; emphasis added.) *Van Alstine v. State*, 263 Ga. 1, 2-3 (426 SE2d 360) (1993). See also *Reid v. State*, 235 Ga. 378, 379 (219 SE2d 740) (1975) (quoting ABA Standards for the Administration of Criminal Justice (1974), The Defense Function § 5.2). In *Van Alstine* our Supreme Court expressly rejected the proposition that "whether to seek the submission to the jury of lesser included offenses" should be removed from the class of decisions that are "the exclusive province of the lawyer." *Van Alstine*, supra at 3.

> [W]e do not agree with the [ABA] commentary that the decision whether to seek submission to the jury of lesser included offenses rises to the same level as the decision to plead guilty or not guilty to charged offenses so as to require the defendant alone to make that decision. A person accused of committing a crime is required by law upon arraignment to answer the indictment or accusation read to him. OCGA § 17-7-93(a). No such mandate is placed upon the decision whether to seek the submission to the jury of lesser included offenses. Rather, that decision is often based on legal complexities only the most sophisticated client could comprehend, not unlike the tactical decisions involved regarding the assertion of technical defenses. [Cit.]

Id. Consequently in refusing to respect trial counsel's authority to invoke Gunter's right to a charge on the lesser included offense of simple assault, the trial courts erred.

2

I cannot agree with the majority that, as a result of that error, Gunter received "greater protection." On the contrary, the trial court deprived Gunter of the effective assistance of her trial counsel. The circumstances here confirm our Supreme Court's observation about the complexities of tactical decisions like this one. As detailed in the majority opinion, there was an abundance of evidence that – screaming and carrying a large knife – Gunter chased the victim from the parking lot back into the store. But the knife remained in its sheath. Acquittal was highly improbable, but the jury might well have opted for the lesser-included offense. The trial court did Gunter no favor when he invited her to overrule her experienced trial counsel and adopt an all-or-nothing strategy.

2. The majority holds that trial counsel waived the issue of the trial court's failure to give the charge and that Gunter cannot assert ineffective assistance as to that waiver because it implemented a decision Gunter made herself over trial counsel's objection. I do not disagree. But, the error asserted on appeal is not the trial court's failure to give the lesser-included charge, as such. The trial court correctly acknowledged that Gunter was entitled to that charge – if she wanted it. Rather the error asserted is the trial court's underlying refusal to respect trial counsel's authority

3

to invoke Gunter's right to that charge and the trial court's interference with the attorney/client relationship.

It is true that the enumeration of errors specifies the court's failure to charge on the lesser-included offense. Nevertheless,

> [w]here it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, ... what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding ... that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed.

OCGA § 5-6-48 (f). Here, it is apparent from the record, as well as appellant's brief, that the error sought to be asserted was the trial court's refusal to recognize trial counsel's authority to insist on the charge and his interference with the attorney/client relationship. Once the trial court had so ruled, and through that ruling had elicited from Gunter a decision not to seek the charge, trial counsel was prevented from requesting the charge or objecting to the failure to give it.

When the trial court, after initially agreeing to give the lesser-included charge, announced that he would not respect trial counsel's authority to invoke Gunter's right to it, a lengthy colloquy ensued. During that colloquy trial counsel objected

4

energetically and unambiguously. As to the details of her interactions with Gunter, trial counsel was appropriately reticent at trial. But at the new-trial hearing she testified,

> Ms. Gunter and I did not have a lot of discussions during the trial. She and I did not really get along. She didn't really want to talk to me about her case. She didn't want to go over the evidence. Her quote was: Do your job.
>
> I was doing my job.

Because the trial court – over vigorous objection – prevented trial counsel from doing her job, we should reverse and remand for a new trial.